UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL O'BANNON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CATERPILLAR INC., ) <br> ) <br> Defendant. ) | Case No. 10-CV-2106 |

## OPINION

This case is before the Court for ruling on the Motion for Summary Judgment (#18) filed by Defendant, Caterpillar Inc. (Caterpillar). Pro Se Plaintiff, Michael O'Bannon, has not filed a response to the Motion for Summary Judgment (#18). This Court has carefully considered Defendant's arguments and exhibits. Following this careful and thorough review, Defendant's Motion for Summary Judgment (#18) is GRANTED.

FACTS[1]

Caterpillar requires that applicants for manufacturing, distribution center, and other non-management positions pass an aptitude test known as the Non-Management Selection Process (CNSP). The CNSP is administered and scored by a third party, AON. At the conclusion of the test, Caterpillar is told whether an applicant passed or failed. Caterpillar has never hired an applicant who has failed the CNSP.

In the fall of 2005, Plaintiff passed the CNSP exam and was selected to begin a five day

---

[1] This statement of facts is based upon the Defendant's Statement of Undisputed Facts and the exhibits the Defendant has provided to this Court, including the transcript of Plaintiff's deposition taken June 1, 2011.

orientation program on January 9, 2006. Halfway through orientation, the Plaintiff was arrested for an outstanding bench warrant stemming from a 2005 theft charge. Unable to post bond, the Plaintiff spent twenty-five days in jail. During the Plaintiff's imprisonment, Caterpillar terminated the Plaintiff's employment due to his failure to return to work or report his absence. In addition, pursuant to Caterpillar's employment policies, the Plaintiff's personnel record was marked "not eligible for rehire."

On October 12, 2007, the Plaintiff once again applied to work for Caterpillar and was scheduled to participate in CNSP testing on October 14, 2007. However, prior to his test date, AON realized that the Plaintiff had previously tested with Caterpillar and was not eligible for rehire. AON subsequently contacted the Plaintiff and told him not to come in for testing. Incensed that Caterpillar refused to allow him to re-test, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights alleging that he was discriminated against on October 12, 2007, due to his race and arrest record.

On March 13, 2008, Caterpillar received Plaintiff's initial charge of discrimination. In response Kimberly Croxton, Caterpillar's EEO Manager, requested that the Plaintiff be allowed to re-test. On March 24, 2008, the Plaintiff once again took the CNSP. However, this time the Plaintiff failed the CNSP because he failed to complete the final portion of the test. A few days later, on March 26, 2008, Caterpillar mailed the Plaintiff a letter stating that he failed the test and was eligible to take another test in one year.

On April 17, 2008, Plaintiff filed a charge of retaliation in violation of Title VII with the Equal Employment Opportunity Commission. On May 20, 2010, Plaintiff filed his Complaint (#1) alleging that Caterpillar retaliating against him for filing his initial charge with the Illinois

Department of Human Rights by refusing to re-hire him. On June 30, 2011, Defendant filed its Motion for Summary Judgment (#18) arguing that the Plaintiff failed to satisfy the prima facie for retaliation. Also on June 30, 2011, a Notice (#19) was sent to the Plaintiff telling him that he had 21 days to respond to the Motion (#18). The Plaintiff was also notified that, if no response was filed, the Motion could be granted and the case terminated without a trial. The Plaintiff has not filed a Response to the Defendant's Motion for Summary Judgment.

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as

a matter of law.  LaSalle Bank, 54 F.3d at 392.

Under Federal Rule of Civil Procedure 56, a district court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact requiring a trial.  Waldridge, 24 F.3d 920.

## II.  DEFENDANT'S MOTION

In this case, Defendant has provided a detailed statement of undisputed material facts with supporting documentation.  Defendant has also provided supporting authority for his argument that he is entitled to summary judgment on Plaintiff's claim for retaliation.

An employee can support a Title VII claim for retaliation by using the direct method or the indirect, burden shifting method.  Nichols v. Southern Illinois University-Edwardsville, 510 F.3d 772, 784-85 (7th Cir. 2007).  Under the direct method, the Plaintiff must prove that: (1) he engaged in an activity protected by Title VII; (2) his exercise of protected activity was known to the Defendant; (3) Defendant thereafter took an adverse employment action against him; and (4) a causal connection exists between the protected activity and the adverse employment action.  Nichols, 510 F.3d at 785.  Under the indirect, burden shifting method the Plaintiff must prove that (1) he engaged in a statutorily protected activity; (2) he met Caterpillar's legitimate expectations; (3) that he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in a protected activity.  Nichols, 510 F.3d at 785.  This Court agrees with Defendant that the undisputed facts show that under the

direct method, the Plaintiff cannot establish a causal connection between filing his charge with the Illinois Department of Human Rights and failing the CNSP. Especially since a third party, AON, conducted and graded the examination. Further, this Court agrees that the undisputed facts show that under the indirect theory, the Plaintiff cannot identify similarly situated white applicants who failed the CNSP but were hired by Caterpillar anyway.

This Court has carefully reviewed all of the documentation submitted by Defendant as well as Defendant's citations of authority. Following this careful review, this Court concludes that Defendant has met its burden to show that no genuine dispute as to any material fact exists. Based upon the undisputed facts and the applicable case law, this Court agrees with Defendant that it is entitled to judgment on Plaintiff's claim as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#18) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff.

(2) The final pretrial scheduled for September 23, 2011, and the jury trial set for October 3, 2011, are hereby vacated.

(3) This case is terminated.

ENTERED this 1st day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE